UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS AMBEZEWICZ, et al,<br><br>          Plaintiffs,<br><br>v.<br><br>GDFRIEND, INC.,<br><br>          Defendant. | Case No.: 3:17-cv-02234-L-JMA<br><br>**ORDER DENYING DEFENDANT'S MOTION [Doc. 7] TO STAY** |

Pending before the Court is Defendant GDFriend, Inc.'s ("Defendant") motion to stay. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the foregoing reasons, the Court **DENIES** Defendant's motion

//
//
//
//
//
//
//

1

## I. BACKGROUND

The plaintiffs in this action are three individuals[1] who claim to have received multiple telemarketing calls to their cell phones from Defendant. Plaintiffs allege that Defendant placed these calls using an automated telephone dialing system and without prior express consent. Accordingly, on November 11, 2017, Plaintiffs filed a putative class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Complaint [Doc. 1].)

To trigger the TCPA, it suffices to show that (1) Defendant used an automated telephone dialing system (2) to call a cell phone for purposes of communicating an advertisement (3) without the express written permission of the call recipient. 47 U.S.C. § 227 (b)(1)(A)(iii); 47 C.F.R. § 64.1200 (a)(2). The TCPA defines an "automated telephone dialing system" as equipment which has the *capacity* to (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(emphasis added). In a 2015 order, the Federal Communications Commission ("FCC")[2] explained that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." 30 FCC Rcd. 7961, 7974 (July 10, 2015) ("FCC Order").

The FCC Order is currently under review by the District of Columbia Circuit Court of Appeals in *ACA International v. Fed. Commc'ns Comm'n*, Case No. 15-1211 (D.C. Cir.) ("*ACA*"). The D.C. Circuit heard oral argument in December of 2016, but a decision has yet to issue. Defendant seeks a stay of the present proceedings pending the forthcoming ACA decision, which Defendants argue could establish a new controlling definition for what constitutes an "automated telephone dialing system" for purposes of the TCPA. (Def.'s Mot. [Doc. 7].) Plaintiffs oppose a stay. (Opp'n [Doc. 8].)

---

[1] Lucas Ambrezewicz, Edward Timmons, and Mark Haigler (collectively "Plaintiffs").
[2] The FCC has the authority to prescribe regulations to implement the requirements of the TCPA. 47 U.S.C. § 227 (b)(2).

## II. LEGAL STANDARD

The power to stay proceedings stems from the Court's inherent power to control its docket in a manner aimed at the efficient disposition of cases. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Under this inherent power, the Court may issue a stay pending the outcome of an independent case whose resolution could establish applicable law. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). That said, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

To determine whether such a stay is appropriate, a court must consider

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The moving party carries the burden of demonstrating that a stay is appropriate. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

## III. DISCUSSION

Defendant complains that it might incur unnecessary litigation expenses if the Court does not issue a stay. More specifically, Defendant argues that "[i]t makes no sense to move forward with costly discovery while a decision pending an appeal is expected to clarify the proper definition of an ATDS–an essential element of Plaintiff's entire lawsuit." (Def's Mot. 9:14–16.)

While it is true that the forthcoming *ACA* decision *may* clarify the ATDS definition, it does not follow that allowing discovery in the interim would amount to waste. Indeed, whatever ATDS definition emerges from the *ACA* decision, resolution of this dispute will still require consideration of whether the specific equipment Defendant

used to place the calls at issue triggers that definition. Such an analysis will require consideration of a factual record, developed through discovery, showing what type equipment Defendant used to place the calls.

Furthermore, granting a stay carries significant risk of prejudice to Plaintiff. It is unclear when the D.C. Circuit will issue a decision in *ACA*. During the indeterminate period of time between now and the decision in *ACA*, witnesses' memories could fade and evidence could go stale. *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 723-24 (9th Cir. 2007) (holding that indeterminate stays of potentially lengthy duration carry substantial risk of prejudice to a plaintiff and are therefore disfavored.) The concern over loss of access to relevant evidence is especially pronounced in TCPA cases because "much of the relevant evidence Plaintiff will be interested in, such as call logs and dialer information, will be in the hands of third parties and subject to unknown data retention policies." *Montegna v. Ocwen Loan Servicing, LLC.*, Case no. 17-cv-00939-AJB-BLM (S.D. Cal. 2017). For the foregoing reasons, the Court finds that this case does not present the "rare circumstances" warranting a stay pending the resolution of a separate proceeding.

### IV.  CONCLUSION & ORDER

For the foregoing reasons, Defendant's motion to stay is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 12, 2018

Hon. M. James Lorenz
United States District Judge